MATTER OF SAUER

In DEPORTATION Proceedings

A-12350247

*Decided by Board January 22, 1963*

Adjustment of status under section 245 of the Immigration and Nationality Act, as amended, is denied as a matter of discretion to an alien who did not enter the United States as a nonimmigrant in good faith and who intended to circumvent the quota restrictions of the Act, having intended at the time of entry to remain as long as possible and having concealed in his application to the American Consul in Paris for a nonimmigrant visa the fact that his parents were then lawful permanent residents of the United States; that he had registered with the American Consulate in Tel Aviv in 1957 for an immigrant visa, and that he was denied a nonimmigrant visa by that same consulate in 1960.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—visitor.

The respondent, a native and citizen of Israel, male, 25 years of age, married, appeals from an order entered by the special inquiry officer on October 29, 1962, granting him voluntary departure in lieu of deportation as an alien who entered the United States as a visitor on August 13, 1962, and remained longer than permitted (section 241(a)(2) of the Immigration and Nationality Act; 8 U.S.C. 1251(a)(2)). The order also provides for the respondent's deportation to Israel in the event he fails to depart as required. Applications for discretionary relief under sections 212(h)(1) and 245 of the Immigration and Nationality Act were denied (8 U.S.C. 1182(h)(1) and 1255). This appeal is directed to the denial of the applications for discretionary relief.

The issue of deportability is not before us as respondent has conceded that he is deportable as charged in the order to show cause (p. 4). Our discussion of the evidence will be limited to the respondent's applications for relief under sections 212(h) and 245 (*supra*).

177

The respondent was born at Tel Aviv, Israel, on February 9, 1937. He and his parents registered for quota immigration visas at the American Consulate in Tel Aviv on September 10, 1957 (p. 4 and letter attached to Ex. 14). His parents entered the United States for permanent residence, the father in 1958, the mother in 1959 (p. 7). They have resided in the United States since their entry for permanent residence.

The respondent applied for a nonimmigrant visa at the American Consulate in Tel Aviv during September of 1960. The consul at Tel Aviv denied the respondent's application on the ground that he did not believe the respondent to be a bona fide nonimmigrant (pp. 11 and 12).

Thereafter the respondent journeyed to Paris, France. During August of 1961 he applied to the American Consul in Paris for a nonimmigrant visa. He was asked in connection with this application as to whether he had ever filed an application for a visa to come to the United States and where his parents were residing at that time.

The respondent admits that he concealed from the consul in Paris the fact that he was registered for an immigration visa at the Consulate in Tel Aviv and had been denied a nonimmigrant visa in September of 1960 at this same consulate. The respondent also admits that he informed the consul in Paris that his parents were then residing in Tel Aviv, Israel and that at the time he entered the United States on August 13, 1961, it was his intention to remain in the United States as long as possible (pp. 11–14). The respondent testified that he misrepresented the facts to the consul because "I wanted to be together with my parents" (p. 15).

The fact that the respondent has applied for a waiver of the ground of exclusion specified in section 212(a)(19) of the Immigration and Nationality Act indicates a belief that he considers his misrepresentations to the consul in Paris may have been material to the issuance of the nonimmigrant visa with which he entered the United States. He seeks a waiver of this ground for exclusion under the provisions of section 212(h)(1) of the Immigration and Nationality Act (8 U.S.C. 1182(h)(1)). This provision of the Immigration and Nationality Act, added by the Act of September 26, 1961 (75 Stat. 655), provides, *inter alia*, that the Attorney General in his discretion, may admit the respondent for permanent residence notwithstanding the fact that "he . . . has procured a visa or other documentation, or entry into the United States, by fraud or misrepresentation . . ."

The respondent also seeks to adjust his unlawful immigration status to that of a permanent resident alien without a departure from the United States. He seeks to accomplish this under the provisions of

178

section 245 of the Immigration and Nationality Act as amended by the Act of July 14, 1960.[1] The broadened provisions of section 245, as amended, merely require an applicant for status as a permanent resident alien to establish that he was inspected and admitted or paroled into the United States; that he is admissible to the United States for permanent residence; that he is eligible to receive an immigration visa and that an immigration visa is immediately available to him at the time his application is approved. The statute also provides that notwithstanding the fact that the applicant meets the substantive requirements his status "may be adjusted by the Attorney General *in his discretion* and under such regulations as he may prescribe." (Emphasis supplied.)

The respondent maintains that he can meet the substantive requirements of section 245 (*supra*) provided the Attorney General exercises his discretion under section 212(h)(1) (*supra*) thereby removing the ground of inadmissibility which now exists. He was inspected and admitted as a nonimmigrant at the port of New York on August 13, 1961. He alleges that a quota immigration visa is immediately available to him under the third preference of the Israeli quota.[2] The primary issue before us is whether the respondent's applications merit favorable exercise of the Attorney General's discretion.

The amendment to section 245 (*supra* [1]) was intended to broaden the scope of the Attorney General's authority in order that he may adjust in his discretion the status of all aliens other than alien crewmen and aliens residing in territories adjacent to the United States who enter the United States in good faith without any intention of circumventing the quota restrictions of the Immigration and Nationality Act. (See *Committee Report, U.S. Code, Congressional and Administrative News*, 86th Congress, 2d Session 1960 at pp. 3137, 3138 and 3147.) We have in a recent case[3] adjusted the status of an alien from a nonquota area who entered the United States as a nonimmigrant. The alien concerned affirmatively established that although he had at some time in the past a desire to enter the United States for permanent residence, nevertheless at the time he secured his nonimmigrant visa he fully intended to comply with the terms of his temporary admission unless permitted to remain in the United States lawfully by taking advantage of a provision of the immigration laws designed to obviate the need for departure and reentry on his part. There was no showing

---

[1] P.L. 86–648, 86th Congress, 2d Session.

[2] A visa petition filed in his behalf by his lawfully resident alien wife was approved on August 28, 1962 (Ex. 6).

[3] *Matter of Carlos Barrios*, A–12376413, B.I.A., October 11, 1962, Service motion to reconsider, denied January 1963, Int. Dec. No. 1264.

179

in the case that the alien intended to circumvent the quota restrictions of the Immigration and Nationality Act.

The alien in the instant case admits that he concealed from the consul at Paris the fact that he had been denied a nonimmigrant visa by the consul at Tel Aviv, the fact that he had been registered for a quota immigrant visa at the Consulate in Tel Aviv since September of 1957 and the fact that his parents were then residing lawfully in the United States   The respondent also admits that at the time he entered the United States as a nonimmigrant he had fully intended to remain as long as possible in order that he could be "together with (his) parents."   The evidence affirmatively establishes that the respondent did not enter the United States in good faith as a nonimmigrant without any intention of circumventing the quota restrictions of the Immigration and Nationality Act.

The circumstances under which the respondent acquired his nonimmigrant visa in Paris show a preconceived plan to enter the United States as an immigrant regardless of his position on the Isareli quota registration.   An exercise of the Attorney General's discretion in this case would adjust the status of an alien who fully intended to circumvent the quota restrictions of the Immigration and Nationality Act. Section 245 does not contemplate the adjustment of an alien's status who did not enter the United States as a nonimmigrant in good faith. The appeal will be dismissed.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed.